IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION


**SALLY ANN C.,[1]**

          Plaintiff,                        Civ. No. 6:19-cv-00938-CL

      v.                                **OPINION AND ORDER**

**COMMISSIONER OF SOCIAL SECURITY,**

          Defendant.

_____

MARK D. CLARKE, Magistrate Judge.

      Plaintiff Sally Ann C. ("Plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration denying her claim for disability insurance benefits and supplemental security income under Social Security Act. For the reasons provided below, the Commissioner's decision is AFFIRMED.[2]

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party or parties in this case.

[2] The parties have consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c)(1).

## BACKGROUND[3]

Plaintiff was born June 17, 1976, and was 39 years old at the time of her alleged onset of disability.  Tr. 25, 234.  She completed two years of college and completed cosmetology school. Tr. 238.  She has worked as a bartender, hair stylist, insurance agent, and administrative assistant.  Tr. 239, 247.  Plaintiff stopped working on September 9, 2015.  Tr. 238.  On November 20, 2015, Plaintiff filed for a period of disability, and on May 10, 2016, she filed for supplemental security income.  Plaintiff alleged she was disabled due to chronic lumbar spine pain, chronic cervical spine pain, sacroiliitis, ankylosing spondylitis, fibromyalgia, psoriatic arthritis, chronic migraines, and irritable bowel syndrome.  Tr. 237.

Plaintiff's applications for disability benefits were denied on April 5, 2016, and denied again upon reconsideration.  Tr. 63, 74-75.  A hearing before an ALJ was held on February 12, 2018, in Eugene, Oregon.  Tr. 32.  The ALJ issued an unfavorable decision on June 29, 2018. Tr. 10.  Plaintiff filed an appeal and the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. This appeal followed.

## DISABILITY ANALYSIS

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r. Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011).  Each step is potentially

---

[3] The following recitation constitutes a summary of the pertinent evidence within the Administrative Record and does not reflect any independent finding of fact by the Court. Citations to "Tr." refer to the page(s) indicated in the official transcript of the administrative record filed herein as Docket No. 18.

dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step sequential process asks the following series of questions:

1.  Is the claimant performing "substantial gainful activity"? 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510; 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2.  Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). Unless expected to result in death, an impairment is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521(a); 416.921(a). This impairment must have lasted or must be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509; 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3.  Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis proceeds to the "residual functional capacity" ("RFC") assessment.

    a.  The ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's RFC. This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e); 404.1545(b)-(c); 416.920(e); 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4.  Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5.    Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v); 404.1560(c); 416.960(c). If the claimant cannot perform such work, he or she is disabled. *Id.*

*See also Bustamante v. Massanari*, 262 F.3d 949, 954-55 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 954. The Commissioner bears the burden of proof at step five. *Id.* at 953-54. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999) (internal citations omitted); *see also* 20 C.F.R. §§ 404.1566; 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v).  If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 954-55; *Tackett*, 180 F.3d at 1099.

## THE ALJ'S FINDINGS

Applying the above analysis, the ALJ made the following findings in this case:

1.    Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2018. Tr. 16.

2.    Plaintiff has not engaged in substantial gainful activity since September 9, 2015, the alleged onset date. Tr. 16.

3.    Plaintiff has the following severe impairments: degenerative disc disease; migraine; connective tissue disease; Crohn's Disease; obstructive sleep apnea; and asthma. Tr. 16.

4.  Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. Tr. 17.

5.  Plaintiff has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b), except she can occasionally climb ladders, ropes, or scaffolds, and occasionally stoop, crouch, and crawl; she can occasionally handle and finger bilaterally; she can tolerate no exposure to workplace hazards such as unprotected heights and exposed machinery; she requires a work station no more than five minutes away from a restroom.  Tr. 18

6.  Plaintiff is unable to perform past relevant work. Tr. 24.

7.  Transferability of job skills in not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that Plaintiff is "not disabled," whether or not Plaintiff has transferable job skills. Tr. 25.

8.  Considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. Tr. 25.

Based on these findings, the ALJ concluded that Plaintiff was not disabled, as defined in the Social Security Act, from September 9, 2015, through the date of the ALJ's decision.  Tr. 26.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if it is based on the proper legal standards and the legal findings are supported by substantial evidence in the record.  42 U.S.C. § 405(g); *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989).  "'Substantial evidence' means 'more than a mere scintilla but less than a preponderance,' or more clearly stated, 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)).  In reviewing the Commissioner's alleged errors, this Court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986).  Variable interpretations

of the evidence are insignificant if the Commissioner's interpretation is rational. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

Where the evidence before the ALJ is subject to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Batson*, 359 F.3d at 1198 (citing *Andrews*, 53 F.3d at 1041). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock*, 879 F.2d at 501). Additionally, a reviewing court "cannot affirm the [Commissioner's] decision on a ground that the [Administration] did not invoke in making its decision." *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (citations omitted). Finally, a court may not reverse an ALJ's decision on account of an error that is harmless. *Id.* at 1055-56. "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

Even where findings are supported by substantial evidence, "the decision should be set aside if the proper legal standards were not applied in weighing the evidence and making the decision." *Flake v. Gardner*, 399 F.2d 532, 540 (9th Cir. 1968). Under sentence four of 42 U.S.C. § 405(g), the reviewing court has the power to enter, upon the pleadings and transcript record, a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the case for a rehearing.

## DISCUSSION

Plaintiff presents only one issue for review: whether the ALJ erred in finding there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. After careful review of the case record and the relevant case law regarding what qualifies as a

significant number of jobs in the national economy, this Court finds that the ALJ did not commit harmful error on this issue. Therefore, the decision of the Commissioner is affirmed.

At step five, an ALJ is "responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that [a claimant] can do." 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2).  The Ninth Circuit has not created "a bright-line rule for what constitutes a 'significant number' of jobs." *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012) (amend. Nov. 14, 2012). While the Ninth Circuit acknowledged that the Eighth Circuit Court of Appeals has found 10,000 jobs in the national economy to be a significant number in *Johnson v. Chater*, 108 F.3d 178, 180 (8th Cir. 1997), it has yet to endorse a number below 25,000 with respect to the significant number standard. *Gutierrez v. Comm'r of Soc. Sec.,* 740 F.3d 519, 529 (9th Cir. 2014). Indeed, a subsequently unpublished Ninth Circuit decision that interpreted *Gutierrez* rejected 10,000 as a significant number. *Randazzo v. Berryhill*, 725 F.App'x. 446, 446 (9th Cir. 2017). *Randazzo* and *Gutierrez* are the clearest indication of where the Ninth Circuit sees the numerical floor for what constitutes a significant number of national jobs. That number is at or around 25,000.

In *Gutierrez,* the ALJ found that Mr. Gutierrez could work as an assembler, of which there were 15,000 such jobs available nationally, and as an almond blancher, of which there were 10,000 such jobs available nationally. *Gutierrez,* 740 F.3d at 521.  The court combined these two jobs to find that 25,000 jobs qualified as a significant number of jobs in the national economy. *Id.* at 529.

In this case, Plaintiff's argument misinterprets the facts supporting the decision in *Gutierrez.*  Here, the VE identified two jobs that Plaintiff could perform. The VE identified the job of dealer account clerk with 8,573 jobs in the national economy, and the job of usher with 16,746 jobs in the national economy.  Plaintiff argues that these two jobs in isolation fall below

the 25,000 threshold and therefore do not represent a significant number of jobs that Plaintiff can

work.  However, the standard and method of counting used in *Gutierrez* requires that these two

jobs be considered in combination.  In combination, the jobs of usher and dealer account clerk

equal 25,319 jobs in the national economy that Plaintiff can perform. When considered in

combination, these two jobs exceed the 25,000 standard.  Therefore, based on the relevant case

law of the Ninth Circuit, this Court finds no reversable error in the ALJ's findings.

### ORDER

Based on the foregoing, the decision of the Commissioner is AFFIRMED.  It is so

ORDERED and DATED this _____ 9 day of March, 2021.

MARK D. CLARKE
United States Magistrate Judge